## ISLEY ET AL. *v.* HUBER ET UX.

ASSAULT AND BATTERY.—*Justification by Officer.*—In an action brought by husband and wife for an assault and battery on the wife, a plea of justification alleging that one of the defendants was a sheriff and held a writ of possession for execution against the husband and another person, and alleging that possession being refused, the sheriff and the other defendants at the request of the sheriff only removed the wife from the dwelling, etc., without showing that the premises from which she was thus removed were the same premises described in the writ of possession, is bad.

SAME.—*Pleading.—Reply.*—A reply in such case by the wife, that she was, at the time complained of, in the separate and lawful possession, in her own right, of the real estate described in the writ of possession against her husband, under a deed from a certain former owner of the premises, raises the question of the right of the wife to hold possession of the premises.

From the Tippecanoe Civil Circuit Court.

*G. O. Behm, A. O. Behm, S. A. Huff,* and *B. W. Langdon,* for appellants.

*R. P. DeHart, W. C. Wilson, R. C. Gregory,* and *W. B. Gregory,* for appellees.

OSBORN, J.—The appellee Eva Huber sued the appellants for an alleged assault and battery. They answered that she was the wife of the appellee Jacob Huber. Leave was granted to her to amend her complaint, which was done by joining Jacob with her as plaintiff.

No further notice is taken of the answer of the coverture of Eva. The appellants filed an answer of two paragraphs. 1st. The general denial. 2d. That at and immediately before the time mentioned in the plaintiffs' complaint, the sheriff of Tippecanoe county had directed and delivered to him for execution a writ of possession against Jacob Huber and Zavier Machler; that Eva Huber, the plaintiff, was then the wife of the other plaintiff, Jacob Huber, and was residing with him and was a part of his family; that the sheriff, on the day mentioned in the complaint, visited the dwelling and premises of Huber, the plaintiff, and demanded possession thereof in obedience to the writ of possession in his hands for execution; that they, refusing to obey, and being

unable to remove her without help, he, the sheriff, called upon the defendants to assist him in the execution of the writ; that at his request so made, and not otherwise, they gently laid their hands upon her, and, using no more force than was necessary, removed her from the said dwelling-house and premises; that such act of removal is the same of which she complains. A copy of the judgment and order of the court for the writ of possession is set out in the answer, and it is averred that the original writ has been lost.

The appellees filed a reply of three paragraphs to the second paragraph of the answer. 1st. The general denial. 2d. That the appellee Eva, at the time of the commission of the trespass complained of, was in the lawful, and separate, and exclusive possession, in her own right, of the real estate described in the writ of possession set out in the answer, under a deed to her from Christian Hummel and wife, prior owners of the same, and claiming title and rightful possession thereto; that the defendants, without any legal process against her, committed the trespass in the complaint set forth. The third paragraph need not be noticed, as no question is made upon it.

A demurrer was filed to the second paragraph of the reply, which was overruled, and an exception taken. The cause was tried by a jury and a verdict rendered for the appellee, and her damages assessed at one thousand dollars; upon which final judgment was rendered.

The only error assigned is in overruling the demurrer to the second paragraph of the reply to the second paragraph of the answer.

The objection urged to the reply is, that it admits that Mrs. Huber was the wife of Jacob and one of his family, and avers that she was in possession under a deed from Hummel, a former owner of the land, and that there was no writ against her, without disclosing any fact showing that Hummel had any title to convey at the time she claims to have received the conveyance from him. It is insisted that the fair inference from the reply is, that Hummel had parted

with his title before he made the conveyance to Mrs. Huber. The allegation in the reply is, that she was in the lawful and separate and exclusive possession, in her own right, of the real estate described in the answer, under deed from Christian Hummel to her. The averment that Hummel was the former owner of the land was intended to, and taken in connection with the whole statement does, affirm that he was the owner at the time of making the conveyance to her. If he had parted with his title and had none to convey when he made the deed to her, she could not be in the lawful possession of the land under the deed. If there was uncertainty as to the time of Hummel's ownership, the appellants should have moved to have the averment made certain. We are satisfied that, under the allegation, the right of Mrs. Huber to hold the possession under the deed from Hummel was in issue.

But we think the second paragraph of the answer was fatally defective. It does not aver that Mrs. Huber was in possession of, or was removed from, the land described in the writ of possession. It alleges that the sheriff had a writ against Jacob Huber and Zavier Machler, directing him to dispossess them from certain real estate described in it; that Eva was the wife of Jacob and residing with him as a part of his family; that the sheriff visited the dwelling and premises of the plaintiff and demanded possession thereof in obedience to the writ; that they refused to obey, and that being unable to remove her without help, he called upon the appellants to assist him. It is not stated that the appellees were dwelling upon the premises described in the writ; only that the sheriff visited their dwelling and premises and demanded possession thereof, and because he was unable to remove her from such dwelling and premises, he called upon the appellants to assist him. They answered the call and removed her. There was not only an absence of any averment that the premises from which they removed her were the same as those described in the writ, but there is nothing from which such an inference can be drawn. The writ gave to

the sheriff no authority to remove Jacob Huber from any other than the premises described in it. He could not rightfully remove him from his dwelling, unless it was upon the land mentioned in the writ.

The court committed no error in overruling the demurrer.

The judgment is affirmed, with costs.